EMMA SHAPIRO, administratrix, *vs.* ABRAHAM LYON & others.

Worcester.   September 23, 1925. — November 27, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Causing death, Motor vehicle, Invited person, Contributory. *Joint Tortfeasor.  Release.  Practice, Civil,* Answer, "Neither party." *Evidence,* Of release, Competency, Photograph. *Motor Vehicle,* Registration, Operation.

To maintain an action by an administrator under G. L. c. 229, § 1, 5, to recover for the death of his intestate without conscious suffering, alleged to have been caused by negligence of the defendant when the plaintiff was riding with him in an automobile as his guest, the plaintiff

was bound to prove only ordinary negligence of the defendant and not the gross negligence that would have been required had the action been by the intestate, or by the administrator to recover for conscious suffering of the intestate.

If, at the trial of the action above described, it appeared that the accident resulting in the death occurred in 1921, and there was evidence that previous to the accident the plaintiff's intestate had asked the defendant to stop going so fast because it was raining hard at that time and place, there was evidence that the plaintiff's intestate was in the exercise of due care, and a finding of contributory negligence on his part was not required as a matter of law.

Failure by a defendant to set up in his answer a defence that another, whose acts independently or jointly with his operated concurrently to cause the injury which was the basis of the action, had been released from liability by the plaintiff, is sufficient ground for the overruling of an exception to a refusal by the trial judge to admit evidence in support of such a defence.

Even if the defence above described had been properly pleaded, there was no harmful error in a refusal by the judge at the trial of such an action to admit testimony which would establish the fact that the administratrix had brought another action against the owner of a truck, whose acts were alleged to have been negligent and, concurrently operating with the negligent acts of the defendant, to have resulted in the death of the intestate, and thereafter for reasons which the record did not disclose had agreed to an entry therein of "Neither party, no further suit to be brought for the same cause of action."

The bringing of an action under G. L. c. 229, §§ 1, 5, followed by the filing therein of an agreement, "In the above entitled case it is hereby agreed that the following entry may be made. 'Neither party, no further suit to be brought for the same cause of action,'" would not warrant a finding that the agreement was an adjudication of the cause, or anything more than evidence of the purpose of the parties thereto to abandon that suit, as distinguished from an intent that the agreement should operate as a full release.

Where, at the trial of an action of tort, the condition of a motor vehicle following a collision is an issue, it is not error for the trial judge to admit in evidence photographs of the vehicle together with testimony that they were taken five days after the collision, where the judge instructs the jury, "I will let the pictures in, but . . . if you find it is a fact, or unless you find it is a fact that they are a correct representation of the car as it was immediately after the accident, you won't consider them. Decide that first before you consider them."

At the trial of an action by an administrator for causing the death of the plaintiff's intestate without conscious suffering when a motor vehicle of the defendant in which the intestate was a guest collided with another vehicle, the defendant testified that at the time of the accident he had lost his number plates and had on his automobile temporary pasteboard number plates without authority previously given by the registrar of motor vehicles. Secondary evidence offered by him to the effect that the automobile was registered according to law was excluded subject

to his exception. He asked for no ruling nor instruction bearing on the questions, whether or in what circumstances liability of the defendant would be affected by a lack of proper registration of his automobile or by a failure to display proper number plates thereon or by a display thereon of temporary number plates without authority of the registrar of motor vehicles. The judge left to the jury the question, whether the defendant's automobile was improperly registered or was displaying improper number plates without authority of the registrar of motor vehicles, and in substance stated: "Was any . . . provision of the automobile law violated? If so, and it was a contributing cause, it is evidence of negligence." The defendant excepted "to the charge in reference to what was said about an unregistered automobile, in reference to the pasteboard plates being attached to the front of the car . . . without first securing the consent of the highway commission . . . to the effect that the placing of a pasteboard card number plate on the front of the car, without the consent of the highway commission, was in violation of the statute," and requested a ruling "that the defendant had a right to attach a pasteboard number plate on the front of his automobile when he lost the number plate . . . and without authority of the highway commission, and to operate the automobile with such pasteboard number plate . . . ." The request was refused. In his argument before this court, the defendant made no contention that it was improper to leave to the jury the question, whether failure of registration or improper display of number plates tended to show negligence on the part of the defendant. *Held,* that

(1) There is no valid distinction between the unlawfulness of the use of the highway by a motor vehicle having no number plates and such use by a motor vehicle having unauthorized number plates, and it therefore was unnecessary to determine whether secondary evidence to prove registration of the defendant's automobile properly was excluded;

(2) The defendant's exceptions to the charge and to the refusal of his request for a ruling must be overruled.

TORT by the administratrix of the estate of Menachem M. Shapiro under the provisions of G. L. c. 229, §§ 1, 5, for the causing through negligence of the death of the plaintiff's intestate. Writ dated September 17, 1921.

In the Superior Court, the action was tried before *Whiting,* J. Material evidence is described in the opinion. The defendants made no request for a ruling or an instruction bearing on the question, whether or in what circumstances liability of the defendants would be affected by a lack of proper registration of their automobile or by a failure to display proper number plates thereon or by a display thereon of temporary number plates without authority of the registrar of motor vehicles. The judge left to the jury

the questions, whether the defendants' automobile was properly registered or was displaying improper number plates without authority of the registrar of motor vehicles, and stated: "So, you see the question you have got to decide here, is, first was this car registered properly. It is for you to say. Was any other provision of the automobile law violated? If so, and it was a contributing cause, it is evidence of negligence. Then consider the time, the place, the situation, the rain, the speed and all the things that enter into it; and decide whether this automobile, driven by the defendant, was being driven as a careful and prudent man would drive it at the time, and the place, of the accident. If he was, there would be no liability. If he was not, then you would next come to the question of the care of the plaintiff."

At the close of the charge to the jury, the defendants' counsel stated, among other exceptions, "I would like an exception to the charge in reference to what was said about an unregistered automobile, in reference to the pasteboard plates being attached to the front of the car by plaintiff without first securing the consent of the highway commission. . . . I take exception to the court's ruling in the charge to the effect that the placing of a pasteboard card number plate on the front of the car, without the consent of the highway commission, was in violation of the statute. I would like a ruling, your Honor please, that the defendant had a right to attach a pasteboard number plate on the front of his automobile when he lost the number plate the day before the accident, and without authority of the highway commission, and to operate the automobile with such pasteboard number plate on the highways of the Commonwealth. Suppose I file that request now, your Honor. I want to reserve my rights in reference to that question." The trial judge replied: "All right, I will call it you got that in, and I will refuse it." The defendant alleged an exception.

Other exceptions saved by the defendant are described in the opinion. In admitting the photographs, referred to in the last paragraph of the opinion, the judge stated, "I will let the pictures in, but . . . if you find it is a fact, or unless

you find it is a fact that they are a correct representation of the car as it was immediately after the accident, you won't consider them. Decide that first before you consider them."

There was a verdict for the plaintiff in the sum of $6,500. The defendant alleged exceptions.

*F. P. Ryan*, for the defendants.

*C. C. Milton*, (*J. Talamo & S. B. Milton* with him,) for the plaintiff.

PIERCE, J. This is an action of tort brought by an administratrix, under G. L. c. 229, §§ 1, 5, to recover, for the benefit of the widow and next of kin of her intestate, damages which are alleged to have been caused by the negligence of Meyer A. Lyon while engaged in the business of all the defendants. The answer is a general denial and the affirmative defence of contributory negligence. At the trial to a jury there was a verdict for the plaintiff.

The pertinent facts, taken largely from the testimony of the defendant Meyer A. Lyon, would have warranted the jury finding that on July 29, 1921, Meyer A. Lyon, a carpenter in the firm of Lyon Brothers with a place of business in Worcester, Massachusetts, was operating a Ford coupe in Norwich, Connecticut, soliciting orders for the retail trade of his firm; that he left Norwich for Worcester at about 5 P.M., driving the automobile and taking as his guests one Silverman and the intestate, Shapiro; that Norwich is about sixty miles from Worcester; that when they left, the weather was pleasant, but at Webster it became dark and was raining a mist; that between Webster and Worcester it rained hard and when they arrived on Southbridge Street near the place of the accident, between 8:30 and 8:45 P.M. daylight saving time, it was raining very hard and the clouds had become "suddenly dark" and black; that the car was driven along Southbridge Street at the rate of twenty-five to thirty-five miles an hour "inside a thickly settled or business district"; that the Ford coupe came in collision with the rear of one of two five ton Mack trucks which were standing, one in front of the other on the right hand side of the street, without rear red lights; that the Ford car was

damaged almost beyond repair and the intestate instantly killed.

Lyon testified, in substance, that the front registration plate of the Ford car had been lost on July 28, 1921, and that he had, or had caused to be put in its place, a "substitute paper plate"; and that there had been no application to the registrar of motor vehicles for a new number plate, or for a permit to place a temporary number plate upon his vehicle, as is provided by G. L. c. 90, § 6, shall be done in case a plate is lost. He further testified, in substance, that the registration number of the Ford coupe car was 37708; that when demanded he showed the police the registration certificate, No. 37710, of another of the firm's motor vehicles; that the registration certificate of the car which was operated on the night of the accident was lost or mislaid and that he was unable to find or produce it at the trial. There was evidence which warranted a finding that the intestate, near Worcester on the State road, asked Lyon to stop going so fast, because it was raining and raining hard at that time and place.

Upon the foregoing facts the judge could not have ruled rightly, as requested, that the plaintiff was not entitled to recover. The evidence warranted a finding that the automobile was driven at an excessive rate of speed, considering the time, the place and the weather. Although the intestate was a guest, his administratrix, in an action for death under G. L. c. 229, was bound to prove only ordinary negligence of the defendants, *Sughrue* v. *Booth*, 231 Mass. 538, and not gross negligence of the defendants as would have been required had the action been by the intestate, or by the administratrix to recover for the conscious suffering of the intestate. *Burke* v. *Cook*, 246 Mass. 518. *Shriear* v. *Feigelson*, 248 Mass. 432. The evidence in the case was insufficient to require a finding of contributory negligence as a matter of law. *Burns* v. *Oliver Whyte Co. Inc.* 231 Mass. 519. *Powers* v. *Loring*, 231 Mass. 458. Apart from St. 1914, c. 553, § 1, now G. L. c. 231, § 85, there was evidence that the intestate was in the exercise of due care.

The record discloses that the truck with which the Ford coupe collided was owned by, and at the time of the accident

was under the immediate supervision of, one Richard J. Cronin; that on September 17, 1921, the date of the writ in this action, the administratrix brought an action against the said Cronin; that the form of the writ, the *ad damnum* and the declaration in each action is identical save in the name of the defendant and the return day.

The record in the Cronin action shows his appearance, answer and the filing, on November 6, 1924, of the agreement which reads as follows:

"EMMA SHAPIRO, Admrx.

*vs.*

RICHARD J. CRONIN

Neither Party

"In the above entitled case it is hereby agreed that the following entry may be made. 'Neither party, no further suit to be brought for the same cause of action.'"

The brief of the defendants states that the questions raised by the bill of exceptions are (1) "Whether the evidence of a release given by the plaintiff to a concurrent tortfeasor after a suit had been brought by her against him seeking to recover for the death of her intestate was admissible in the present action"; and (2) "Whether or not the defendants by attaching a paste board number plate to the front of their automobile after losing the same, without first securing the permission from the Registrar of Motor Vehicles, made it an unregistered motor vehicle."

A release of a joint tortfeasor or of an independent tortfeasor, whose negligent acts operate concurrently to the injury of another, is an affirmative defence which must be set up in the answer of such other defendants if they would rely upon it as a defence to an action against them. *Herschman* v. *Justices of the Municipal Court of Boston,* 220 Mass. 137, 141. The failure to plead the alleged release in itself justified the refusal of the judge to admit evidence to establish a release. Apart from the absence of pleading, there was no harmful error in the refusal to receive testimony which would establish the fact that the administratrix had brought another action against the owner of the truck, whose acts were alleged to have been negligent and, concurrently operating with the

negligent acts of the defendants, to have resulted in the death of the intestate; and which would establish further that the administratrix had thereafter for reasons which the record does not disclose agreed to an entry of "Neither party, no further suit to be brought for the same cause of action."

An action followed by the filing of such an agreement without more would not warrant a finding that the agreement was an adjudication of the cause, or anything more than evidence of the purpose of the parties thereto to abandon that suit, as distinguished from an intent that the agreement should operate as a full release. *Marsh* v. *Hammond,* 11 Allen, 483. *Matheson* v. *O'Kane,* 211 Mass. 91, 95. *White* v. *Beverly Building Association,* 221 Mass. 15, 17. See *Brown* v. *Cambridge,* 3 Allen, 474; *Johnson* v. *Von Scholley,* 218 Mass. 454. Such an agreement, as the defendant admitted at the trial, has no greater effect than a covenant not to prosecute further a pending action. It does not affect the liability or culpability of the defendant; *Nugent* v. *Boston Consolidated Gas Co.* 238 Mass. 221, 237; *Johnson* v. *Von Scholley, supra;* and it does not inure to the benefit of any other person or persons than the parties to it, save in so far as they are benefited by any consideration received by the injured party, the amount or value of which operates as a payment *pro tanto* to them. *O'Neil* v. *National Oil Co.* 231 Mass. 20, 29. *Dwy* v. *Connecticut Co.* 89 Conn. 74; L. R. A. 1915 E, 800. *Chicago* v. *Babcock,* 143 Ill. 358. There being no evidence or offer of proof that the administratrix received anything of value as a consideration for the execution of the agreement, the defendants were not harmed by the exclusion of proof of the institution of the action against Cronin and of its disposition by the entry of the agreement of "Neither party."

The operation of the motor vehicle of the defendant for a day without lawful registration plates and without a permit of the registrar of motor vehicles authorizing the use of temporary number plates, in violation of the provision of G. L. c. 90, § 6, was unlawful. No valid distinction in lawful use of the highway is perceived between use without number plates and use of unauthorized number plates; the offence

is but a difference in degree. It therefore is unnecessary to determine whether the kind of secondary evidence offered in proof of the fact that the Ford coupe was registered was refused rightly.

Assuming that the automobile was registered, it is admitted that the registration plates had not been displayed on the front and rear of the motor vehicle for a day before the accident and were not there at the time of the accident. In this regard the requests of the defendants were refused rightly, and the charge was without error.

There was no error in the reception of the evidence relating to the photographs taken five days after the accident. The jury under the instructions given could find reasonably upon the evidence that they accurately pictured the condition and appearance of the automobile at the time of the accident. *Morrissey* v. *Connecticut Valley Street Railway*, 233 Mass. 554, 557. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 385.

All questions argued by the defendant have been considered and no reversible error appears in the conduct of the trial.

*Exceptions overruled.*