Argued March 14; affirmed April 3, 1934

## MURRAY *v.* HELFRICH

(30 P. (2d) 1053)

*Walter L. Tooze,* of Portland (Martin W. Hawkins, of Portland, on the brief), for appellant.

*L. A. Recken, of Portland* (Senn & Recken, of Portland, on the brief), for respondent.

CAMPBELL, J.   This is an action for personal injuries.  Judgment for defendant and plaintiff appeals.

The plaintiff alleges in substance that while riding with, and as a guest of defendant, she was injured by reason of the gross negligence of defendant and asks for compensation for such injuries.

Defendant answered with a general denial of any negligence on his part and for a further and separate answer alleged, in effect, that the injuries suffered by plaintiff were caused by the negligence of one E. G. Swigert in a collision between defendant's car and a car driven by the said Swigert and that the negligence of said Swigert was the sole cause of said collision and the injuries resulting therefrom.

From a second defense, defendant alleged, in effect, that plaintiff instituted an action for her alleged injuries received in said collision against said E. G. Swigert in which she alleged that the injuries complained of herein were caused solely by the negligence of said E. G. Swigert; that while said action was pending a compromise and complete settlement was had between plaintiff and said Swigert in which she received $3,250, "either in part payment or in full satisfaction and discharge" for said injuries, being the same collision and the same injuries for which she is asking compensation in the instant case.

To defendant's answer, plaintiff filed a reply in which she admitted that the instant action against defendant is for the same injuries that she received in the collision alleged in her action against Swigert and denied all other material allegations.

■ There are several assignments of error set forth in the bill of exceptions and argued in the brief, but on the argument before this court they were all waived with the exceptions of assignments Nos. 3, 4, and 5. These assignments all raise the same question. The

question presented to the court arises out of a certain instruction given by the trial court, and the refusal of the court to give plaintiff's requested instruction on the same subject. The trial court gave the jury the following instruction:

"He also alleges that Mrs. Murray brought an action against Mr. Swigert in the Circuit Court of this county, an action for damages for the accident, collision and injuries set forth in the complaint therein, and that thereafter a full and complete settlement, compromise and satisfaction was had by and between Mr. Swigert and the plaintiff herein, and that the plaintiff was paid, received and accepted the sum of $3250.00 either in part payment or in full settlement, satisfaction and discharge of all claims against Mr. Swigert. In that connection, I say to you the only evidence of that, and which is not disputed, is that that $3250.00 was paid as a consideration to the plaintiff for an agreement not to sue Mr. Swigert, and to dispose of an action then pending without making it a release or complete satisfaction."

The court further instructed, in effect, that if the jury found that the plaintiff should recover against defendant then from the amount of damages she sustained should be deducted the sum of $3,250 which she had already been paid by E. G. Swigert; or should the jury find that plaintiff had not been damaged in excess of $3,250, then their verdict should be for defendant.

To these instructions the plaintiff excepted and also excepted to the refusal of the court to give the following instruction:

"As a second further and separate answer and defense herein, the defendant has alleged in his amended answer, that following the accident in question, the plaintiff, through her attorney, made a claim and demand upon E. G. Swigert for damages for the injuries

which she sustained in the collision, and did institute in the Circuit Court for Multnomah County, Oregon, an action for damages against said Swigert, being the same accident, collision and injuries set forth in the plaintiff's complaint in this action. Defendant also alleges that thereafter a full, complete settlement, compromise and satisfaction was had by and between the plaintiff and Swigert, whereby the plaintiff was paid and received and accepted a certain sum of money in full settlement, satisfaction and discharge of all claims against said Swigert and full satisfaction for all injuries which she sustained in said accident and collision. The court instructs you as a matter of law that the agreement between the plaintiff and Swigert did not constitute a full settlement, satisfaction and discharge of all claims against said Swigert, nor a full or other satisfaction for the injuries which plaintiff sustained in said accident, and that the same amounted only to a covenant not to sue Swigert upon plaintiff's part, and in no way satisfied or discharged plaintiff's cause of action; therefore, that defense is expressly taken away from your consideration, and in arriving at your verdict in this case, you will not consider the same in any respect whatsoever.''

This presents the question: What effect should be given to the amount of money paid by Swigert to plaintiff for her covenant not to sue, in an action against his joint tort-feasor? It is admitted that said sum was paid for a dismissal of an action for damages for the same injuries for which plaintiff seeks compensation in the instant action.

There was evidence tending to show that the accident by which the plaintiff was injured was caused by the concurrent negligence of E. G. Swigert and the defendant Helfrich.

''The weight of authority will, we think, support the more general proposition, that, where the neg-

ligence of two or more persons concur in producing a single, indivisible injury, then such persons are jointly and severally liable, although there was no common duty, common design or concerted action.'' 1 Cooley on Torts (4th Ed.), § 86, p. 277.

The text is well supported by the authorities and that seems to be the rule adopted in this state.

''Judge Seamen says in Brown v. Coxe, 75 Fed. 689, that the creation of a joint liability in tort does not depend upon proof that the same act of wrongdoing was participated in by both tort-feasors and that they were in concert and had a common intent or were engaged in a joint undertaking: 'But the rule under which parties become jointly liable as tort-feasors extends beyond acts or omissions which are designedly co-operative, and beyond any relation between the wrongdoers. If their acts of negligence, however separate and distinct in themselves, are concurrent in producing the injury, their liability is joint as well as several. Each becomes liable because of his neglect of duty, and they are jointly liable for the single injury inflicted because the acts or omissions of both have contributed to it'.'' Strauhal v. Asiatic Steamship Company, 48 Or. 100 (85 P. 230); Brown v. Jones, 130 Or. 424 (278 P. 981).

''It is and has long been, a generally recognized rule that there is no line of separation between the liability of joint tort-feasors. The tort is a thing integral and indivisible and any claim for injuries arising therefrom, runs through and embraces every part of the tort. The liability of one cannot be carried into any portion of the joint tort that is not followed by an equal liability of the other tort-feasors. Each is liable for the whole and the injured party may pursue one separately, or he may pursue all jointly or any number jointly less than the whole number.'' 26 R. C. L. 763.

''The rule is well settled that, where two or more tort-feasors, by concurrent acts of negligence, which, although disconnected, yet, in combination, inflict in-

jury, all are liable. Brown v. Thayer [212 Mass. 392, 88 N. E. 237]; Feneff v. Boston & Maine R. R., 196 Mass. 575, 82 N. E. 705. See, also, line of decisions cited in note on page 158, Vol. 20 R. C. L.'' Reader v. Ottis, 147 Minn. 335, (180 N. W. 117) 16 A. L. R. 463, and see note page 465 *et seq.*

It is also a well-established rule of law that the unconditional release by the party injured, of one joint tort-feasor from liability, will release all: *Stires v. Sherwood,* 75 Or. 108 (145 P. 645), and cases cited therein; *Muse v. DeVito,* 243 Mass. 384 (137 N. E. 730). The damage suffered by the joint negligence of two or more persons, in the absence of statute, cannot be apportioned among them: *Chrudinsky v. Evans,* 85 Or. 548 (167 P. 562); *Martin v. Cambas,* 134 Or. 257 (293 P. 601); *Hall v. McClure,* 112 Kan. 752 (212 P. 875); 30 A. L. R. 782, see extensive note on page 790.

In a Massachusetts case in which the plaintiff, in consideration of $1,500 entered into an agreement not to sue with one joint tort-feasor, the court, in passing on the effect of such payment and agreement, said:

''The defendant asked the court to instruct the jury, 'If the jury find there is any liability on the part of the defendant, they must consider the payment of $1,500 by Converse in mitigation of damages.' The request was refused. While the jury must have found that this money was not received from Converse to release or discharge him from liability and that it was received from him in consideration of the plaintiff's covenant not to sue him for the personal injury she had received, the $1,500 should be applied in reduction of her damages. She was entitled to maintain an action against each or all who contributed to her injury, but she was entitled to but one satisfaction. Her cause of action was not extinguished by the receipt of the money. It was, however, a partial satisfaction of her claim; and she cannot receive, for the same wrong,

remuneration in excess of her actual damage. It would be unjust for a plaintiff to retain money received from one of several tort-feasors under a covenant not to sue him for the injury, and to recover from the other tort-feasor full satisfaction for the same injury. In a joint contract obligation where money is received from one debtor under a contract never to sue him, the payment made in consideration of the agreement is a payment on account of the debt, and to that extent is a discharge of the debt as to all the debtors. See 25 Harv. Law Rev. 203, 218. The same principle applies to an action sounding in tort. In Dwy v. Connecticut Co. 89 Conn. 74, 79, the agreement of the plaintiff with one tort-feasor was construed as a covenant not to sue him; but evidence was admitted of the amount paid by him in reduction of damages in the action against the other tort-feasor. This rule was followed in Bloss v. Plymale, 3 W. Va. 393, 409, Snow v. Chandler, 10 N. H. 92, 95, Chamberlin v. Murphy, 41 Vt. 110, 118. The same ruling was made in the trial court in Rice v. Reed, [1900] 1 Q. B. 54, 58. It was assumed in the court of appeal that this ruling was correct, and apparently this course was followed in Duck v. Mayeu, [1892] 2 Q. B. 511. See also Heyer v. Carr, 6 R. I. 45; Chicago v. Babcock, 143 Ill. 358; Miller v. Beck & Co., 108 Iowa 575, 578; Ellis v. Esson, 50 Wis. 138, 154; Pogel v. Meilke, 60 Wis. 248; Miller v. Fenton, 11 Paige 18'' O'Neil v. National Oil Company, 231 Mass. 20 (120 N. E. 107).

"Such an agreement, as the defendant admitted at the trial, has no greater effect than a covenant not to prosecute further a pending action. It does not affect the liability or culpability of the defendant; Nugent v. Boston Consolidated Gas Co. 238 Mass. 221, 237; Johnson v. Von Scholley [218 Mass. 254]; and it does not inure to the benefit of any other person or persons than the parties to it, save in so far as they are benefitted by any consideration received by the injured party, the amount or value which operates as a payment *pro tanto* to them." Shapiro v. Lyon, 254 Mass. 110 (149 N. E. 543).

This rule seems to be followed in New York, New Jersey, Connecticut, Indiana, Wisconsin, Mississippi, Vermont and some others. See *Abb. v. N. P. R. Co.,* 28 Wash. 428 (68 P. 954, 92 Am. St. Rep. 864, 58 L. R. A. 293), and extensive note page 301. There is, however, a respectable line of authority following the rule announced in the case of *Nashville Interurban Ry. Company v. Gregory,* 137 Tenn. 422 (193 S. W. 1053), in which it is held that a payment for an agreement not to sue is not "available at all to another tort-feasor either to bar the suit against him or to reduce the recovery had against him". We however feel that the weight of authority and the better line of reasoning is followed in the rule announced in the above Massachusetts case.

Appellant cites the case of *Ingram v. Carlton Lumber Co.,* 77 Or. 633 (152 P. 256), in which for a consideration of $150 plaintiff gave a release to one of three joint tort-feasors and afterwards sued all three, claiming the release was obtained by fraud. In reversing a judgment in favor of plaintiff, this court held that the plaintiff failed to establish the fraud and that the release discharged all of the defendants. Then largely by way of *dicta,* commented on the trial court's instruction on the measure of damages: "In speaking of the amount of damages the court said to the jury, 'Should you find for the plaintiff, you are not to take into consideration this $150 that has been paid to him; that has not anything to do with this case.' The most ultra of the authorities which lean toward allowing a plaintiff to retain the consideration paid for the alleged release and yet sue for damages in a greater amount, do not hold that no account must be taken of the money thus

paid, but rather that it should be deducted from any greater amount in which the plaintiff is found to be injured.''

Counsel also refers to *Keadle v. Padden,* 143 Or. 350 (20 P. (2d) 403, 22 P. (2d) 892), as holding that the amount paid by one joint tort-feasor should not be applied *pro tanto* to mitigate the damages against the other. In that case the question of the amount received from one joint tort-feasor on an agreement not to sue was argued to this court to be a complete bar to the action against the other joint tort-feasor. All that this court said in that case was that such an agreement did not release and was not a bar to an action against the other joint tort-feasor. The question of the amount paid being considered as a mitigation of damages against the other joint tort-feasor was not presented or considered or necessary for a decision therein.

Finding no error in the instructions given by the court nor in the action of the court in refusing to give the instruction requested by plaintiff, the judgment will be affirmed. It is so ordered.

RAND, C. J., BEAN and BAILEY, JJ., concur.