Argued May 19, affirmed June 2, 1960

# STATE OF OREGON *v.* CAVER
352 P. 2d 549

*Randolph Slocum,* Roseburg, argued the cause for the appellant. With him on the brief was John H. Horn, Roseburg.

*Verden L. Hockett, Jr.,* Deputy District Attorney of Douglas County, Roseburg, argued the cause for respondent. With him on the brief was Avery W. Thompson, District Attorney of Douglas County, Roseburg.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and HOLMAN, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Eugene Caver, from a judgment of the circuit court, based upon the verdict of a jury, which found him guilty of the crime of Operating a Motor Vehicle Upon a Public Highway

While Under the Influence of Intoxicating Liquor and sentenced him to imprisonment for 15 days and to the payment of a fine of $200. The crime just mentioned is proscribed by ORS 483.992 (2).

The defendant submits five assignments of error. He concedes that he drove a motor vehicle upon a public street, and his brief states:

"* * * The case resolved itself into a question of whether or not the defendant, at the time and place alleged, was under the influence of intoxicating liquor."

The following is also taken from his brief:

"Testimony on the question of intoxication, in behalf of the State of Oregon, came from patrolmen Bennett and Loomis of the Oregon State Police. Patrolman Bennett testified that the 1948 DeSoto automobile of defendant was being driven at a high rate of speed in a southerly direction along Stephens Street in Roseburg, Oregon, (tr. 3). The driving, according to the officer, was mildly eratic (tr. 4). Upon being stopped, the defendant was required to walk a crack in the sidewalk, which he did not perform to the officer's satisfaction (tr. 4).

"Both patrolmen testified that there was an odor of alcohol on the breath of the defendant (tr. 7, 19), that his eyes were bloodshot (tr. 6), that his speech was slurred (tr. 5, 19) and that he had difficulty in finding papers in his wallet (tr. 7, 17) and in picking up a cigarette from the floor of the local office of the State Police (tr. 7, 17)."

One of the two officers just mentioned, in testifying, gave the following account of a part of the defendant's conduct:

"A  Okay. And while he was—he had a very, very difficult time doing this particularly. He,

his one heel could never find the toe. He would try it with one foot and then try it with the other and he always, pretty nearly always miss with either foot. Then he sat back down and got a cigarette out and lit it, and then he would drop it and he would reach for it and he would miss it, sometimes as much as 6 inches. He would think he would have it, but actually he was quite a ways from it, and then he would lean over a little further, get his hand down on the floor and touch the cigarette, and he would roll it back and forth before he could pick it up.

"Q In other words, would you say he would overreach or underreach the cigarette?

"A Well, he would do both. One time he would be up here, and the next time he would be down this way.

"Q And sometimes as much as six inches?

"A Yes, he would miss it at least that."

■ The first assignment of error challenges a ruling of the trial judge which overruled the defendant's objections to questions propounded to one of the two aforementioned police officers by the name of William Bennett. The objection occurred near the beginning of Bennett's examination by the district attorney and was upon the ground that the questions were leading. In overruling the objections the trial judge declared, "These are on preliminary matters." The observation was well founded. When the examination shortly progressed into matters that might fall into the controversial category no question of a leading character was propounded. This assignment of error discloses no merit. ORS 45.560.

■ The second assignment of error reads:

"* * * the Court erred in admitting testimony of the defendant as to the effect that drinking of given quantities of beer might have had upon him

in the past, prior to the time when the alleged offense occurred (tr. 29, 30)."

As a witness in his own behalf the defendant testified that earlier in the afternoon of the day of his arrest he had drank four bottles of beer. He then answered "No" to a question asked him by his own attorney, "Did you have any sensation at all from the stimulant that you had been drinking?" Shortly his counsel, referring to the moment of the arrest, asked him, "At any time during this interval did you feel any effects of alcohol?" The defendant answered, "No, I didn't." Upon cross-examination the district attorney, after referring to the four bottles of beer which the defendant conceded he drank in the afternoon preceding his arrest which occurred at about 5 p. m., asked the defendant:

"Q And from these four bottles you didn't notice any particular sensation from this stimulant?

"A No. I didn't.

"Q And had you ever drank more than four bottles of beer in that period of time?"

The objection urged that the question pertained to matters that were immaterial. The district attorney replied:

"I think the State has the right to find out whether he ever feels any sensation from that— from any amount of liquor. I think that that's relevant to this case."

The defendant shortly answered that one who drank "from four to six beers all at one time, one after another," probably would "get a buzz on," but explained that on the afternoon of his arrest he had done nothing of that kind. He declared that he drank

the first bottle of beer of that afternoon at one o'clock and the other three between that time and 5 p. m. We think that the cross-examination was permissible. ORS 45.570.

■ The third assignment of error challenges a ruling which was made during the cross-examination by the district attorney of Billie Witcher, a witness for the defendant. The witness, a bar maid, had testified upon direct examination that she had served the defendant an hour or so before his arrest "one beer" and had seen him drink it and shortly had served him another. She next testified:

> "I didn't consider him under the influence of, you know, of—because I wouldn't have served him if he had been, and if he had of been, oh, drunk or something, I mean, I wouldn't have served him the first beer."

Upon cross-examination by the district attorney the following occurred:

> "Q Now, you say you wouldn't serve someone who was drunk. Would you serve someone who had had three or four beers?
>
> "A Yes, I would.
>
> "Q I see. And what do you consider to be someone who is drunk?"

At that point the defendant's counsel made the objection upon which this assignment of error is predicated. It follows:

> "Your Honor, I am going to object to this for this reason. I think the testimony of the witness was intoxicated and not drunk."

The trial judge overruled the objection.

By returning to the answer which the witness gave upon direct examination it will be seen that she said,

"and if he had of been, oh, drunk or something * * * I wouldn't have served him the first beer." It is plain that the assignment of error is without merit.

The fourth assignment of error charges that the trial judge erred when he did not give to the jury the requested instruction which is the subject matter of that assignment of error. The fifth assignment of error similarly is predicated upon an instruction requested by the defendant which was not included in the court's charge. Both requested instructions were intended to give to the jury an understanding of the import of the term "intoxicated."

The instructions given to the jury were couched in terms of simplicity and clarity that must have rendered them readily understandable. Although they covered the entire subject they did so with commendable brevity. No part of them is criticized by the defendant. He, however, argues that the two instructions which he drafted and requested should have been included in the charge.

We have read the charge which was given to the jury and have likewise read the defendant's two requested instructions. We think that if the latter had been included in the instructions, the charge would have been rendered somewhat repetitious. We do not believe that their inclusion would have made the charge more understandable to the jurors. No intricate definition of the word "intoxication" is needed in order to acquaint a jury with its import. The instructions that were given were adequate. The record appears to warrant a belief that the outcome of the case was not dependent upon additional definitions of the term "intoxicated" but upon the witnesses which the jurors accepted as truthful. It is never error to refuse to

give instructions requested by a party if the general charge covers the subject matter of the requests. We believe that these two assignments of error disclose no merit.

The foregoing disposes of all of the assignments of error. We have given the case careful attention and have considered adequately the defendant-appellant's excellent brief.

The judgment of the circuit court is affirmed.