Argued July 2, affirmed July 23, 1964

## STATE OF OREGON *v.* SMITH
### 394 P. 2d 429

*Theodore B. Jensen* and *Joseph O. Stearns,* Portland, argued the cause and filed briefs for appellant.

*Charles J. Merten,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

The defendant, Booker T. Smith, was indicted of the crime of assault with intent to kill, was convicted by a jury of the lesser included crime of assault with a dangerous weapon, was sentenced to a five-year term in the penitentiary, and appeals.

Defendant assigns as error the denial of his motion for a directed verdict, the refusal of the court to give two requested instructions, and the denial of his motion to vacate the judgment.

■ Although the background is sordid, the case is simple. Defendant testified that during the evening of December 31, 1962 he shot one Willie Jackson with a 38-caliber revolver. The shooting occurred at the front door of defendant's home in Portland. Willie Jackson's reputed wife, Dorothy, was in the house with the defendant and had been there since the preceding day. Defendant testified that he shot in self-defense when Jackson came to retrieve his wife and in a belligerent manner burst open the front door.

Willie Jackson, on the contrary, testified that in a peaceable manner he knocked on the door and asked for his wife, and that defendant, without provocation, opened the door and at close range shot Willie in the belly.

The only issue was whether defendant shot in self-defense, and there was ample evidence to support the finding of the jury that he did not. The court did not err in denying defendant's motion for a directed verdict.

■ The two requested instructions which defendant contends should have been given pertained to the defendant's plea of self-defense. The court fully instructed the jury concerning self-defense and no exceptions were taken by defendant to the instructions given. The court was not required to instruct in the language requested by defendant. *State v. Barnes,* 150 Or 375, 380, 44 P2d 1071 (1935); *State v. Hecker,* 109 Or 520, 560, 221 P 808 (1924); *State v. Caver,* 222 Or 270, 276, 352 P2d 549 (1960). There is no merit in these assignments of error.

■ The motion to vacate the judgment was based on the alleged inaccuracy of the transcript as prepared by the court reporter. The transcript did contain certain errors and omissions, but most, if not all, of them were corrected by an order of the court based on a stipulation of the parties. The transcript as corrected was thereafter settled by the trial court and its order is conclusive upon this court. ORS 19.078; *Smith v. Pac. Nw. Pub. Ser. Co.,* 146 Or 422, 428, 29 P2d 819 (1934); *McAdam v. Royce and Nagel et al,* 202 Or 245, 256, 260, 272 P2d 986, 274 P2d 564 (1954).

The judgment is affirmed.