## GAETJENS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 29, 1911.)

1. RELEASE (§ 29*)—JOINT TORT-FEASORS—EFFECT.

Where two of three joint tort-feasors made a settlement with the injured party, that party can recover against the third only so much of the compensation for his injury as has not been paid by the others.

[Ed. Note.—For other cases, see Release, Cent. Dig §§ 64–70; Dec Dig. § 29.*]

2. COSTS (§ 22*)—PERSONS ENTITLED—PLAINTIFF.

Two of three joint tort-feasors, sued together, settled with plaintiff, and the action was continued as to the third; a verdict of 6 cents being rendered against that defendant. *Held,* that the verdict being for less than $50 under Code Civ. Proc. § 3228, subd. 4, plaintiff was not entitled to costs.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 47–73; Dec. Dig. § 22.*]

Appeal from Special Term, Kings County.

Action by August Gaetjens against the City of New York and others. Action discontinued as to all defendants except the city of New York. There was a verdict for plaintiff, and from an order denying his motion for new taxation of costs, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and RICH, JJ.

Henry E. Heistad, for appellant.

James D. Bell (C. J. Druhan, on the brief), for respondent.

JENKS, P. J.   The plaintiff sued three defendants for negligence. Pending trial the plaintiff made a settlement with two of the said defendants, whereby he received $2,000, and thereupon an order was made that discontinued the action as to them and thus left this defendant sole.   This defendant, who was not a party to the said settlement, made supplemental answer pleading the said settlement and the discontinuance thereupon, and alleging as a defense that the said payment was in full compensation for the alleged injuries and damages set forth in the complaint.   The jury, who were instructed that any question of damages involved the deduction of the amount theretofore paid by the other defendants, found a verdict for six cents for the plaintiff.   This appeal is from an order of the Special Term that denies plaintiff's motion for a review of the taxation of costs by the clerk which disallowed wholly plaintiff's bill of costs presented for $116.97.

[1] I think that the order must be affirmed.   The complaint is upon an alleged joint tort.   The plaintiff had received satisfaction to the extent of $2,000.   The effect of the stipulation and the order was a covenant not to sue the other tort-feasors.   Gilbert v. Finch, 173 N. Y. 466, 66 N. E. 133, 61 L. R. A. 807, 93 Am. St. Rep. 623.   But the plaintiff was entitled to pursue this defendant for only so much of the compensation for the injury as had not been paid.   Otherwise

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

he could receive some compensation for his injury from two of the joint tort-feasors, and yet full compensation therefor from the other tort-feasor. See McCrillis v. Hawes, 38 Me. 566; Ellis v. Esson, 50 Wis. 138, 6 N. W. 518, 36 Am. Rep. 830; Sloan v. Herrick, 49 Vt. 327, all cited in Gilbert v. Finch, supra. The issue then was what compensation, if any, beyond $2,000 is the plaintiff entitled to recover for the injury?

[2] As he had not recovered the sum of $50 or more, he was not entitled to costs. Section 3228, subd. 4, of the Code of Civil Procedure. See, too, Milkman's Law of Costs, p. 128. Hoe v. Sanborn, 36 N. Y. 93, relied upon by the appellant, may be discriminated. The parties remained the same. The defendant received a favor on conditions, of which one was that the cause should proceed as to the amount of $150 and "all other matters in controversy in the action," and the court expressly held that the question of costs constituted "the other matters in controversy in the action."

The order is affirmed, with $10 costs and disbursements.

HIRSCHBERG, BURR, THOMAS, and RICH, JJ., concur.