DORA LIVANT et al., Respondents, v. IRVING LIVANT, Appellant.

First Department, April 23, 1963.

*Marshall D. Sweetbaum* of counsel (*McCarthy & McGrath*, attorneys), for appellant.

*Eugene H. Lieber* of counsel (*Guminick & Lieber*, attorneys), for respondents.

BREITEL, J. P. Defendant Irving Livant appeals from an order denying his motion for leave to plead an affirmative partial defense in mitigation of damages. The defense is based on a payment made by a former codefendent on account of that defendant's judgment liability to each of the plaintiffs.

The action was brought to recover damages for personal injury based upon the concurrent negligence of the defendants. The accident arose from a collision between automobiles, one operated by defendant Irving Livant and the other by the former defendant Adams who made payment on his liability after judgment. Plaintiffs were passengers in the Livant automobile. Leave to plead the affirmative defense by an additional and supplemental pleading was necessary, because the payment had been made after a prior trial in this action. Only defendant Irving Livant had appealed from the verdict and judgment in favor of plaintiffs. Special Term denied the motion on condition that plaintiffs agree that any verdict subsequently returned against defendant Irving Livant should be reduced by credits for the amounts previously paid by the former defendant Adams.

Payments by a joint tort-feasor on account of his liability reduce *pro tanto* the amount of damages recoverable by an injured plaintiff against other joint tort-feasors (Restatement, Torts, § 885; see Debtor and Creditor Law, art. 8). It is therefore a partial defense, by way of mitigation of damages and, in a proper case, may be pleaded and proved. As a consequence, the order should be reversed and leave to serve a supplemental pleading granted.

The prior trial resulted in a verdict and judgment against both defendants in the sum of $52,500. Defendant Adams, through his insurance company, paid up to the liability policy limits the sum of $10,000 to each of the two plaintiffs. Notably,

it does not appear from the record what is the status of the balance of the judgment, but that the balance has not been satisfied or otherwise discharged (Restatement, Judgments, § 95, incl. Comments; Restatement, Torts, § 886, incl. Comments). On the appeal by defendant Irving Livant, a reversal and new trial was granted (17 A D 2d 784). Facing a second trial, defendant Irving Livant wishes to serve an amended and supplemental pleading, denominated by him only as an amended one, setting forth such payments in reduction of any claims against him (Civ. Prac. Act, § 245).

Defendant is entitled to serve the proposed supplemental pleading by virtue of provisions of the Civil Practice Act. Section 262, in pertinent part, provides that: " A partial defense may be set forth, but it must be expressly stated to be a partial defense to the entire complaint, or to one or more separate causes of action therein set forth. Whether it is sufficient for that purpose presents a question of law, upon seasonable objection taken thereto. Matter tending only to mitigate or reduce damages is a partial defense, within the meaning of this section."*

Section 339, with express reference to proof upon the trial, in pertinent part, provides: " In an action to recover damages for a personal injury, or an injury to property, the defendant may prove, at the trial, facts not amounting to a total defense, tending to mitigate or otherwise reduce the plaintiff's damages, if they are set forth in the answer, either with or without one or more defenses to the entire cause of action."

Moreover, it is the settled decisional rule in this State that payments made by one of several joint tort-feasors to the injured person may be alleged and proved to the jury (*Knapp* v. *Roche,* 94 N. Y. 329; *Gaetjens* v. *City of New York,* 145 App. Div. 640; *Ammerman* v. *Utilities Oil Corp.,* 222 App. Div. 481; *Bellinger* v. *Town of Salisbury,* 278 App. Div. 631; *Sobel* v. *Levy,* 97 Misc. 13).

Plaintiffs successfully argued at Special Term that they would be prejudiced if defendant Irving Livant would be able to plead and prove the payment made by the former defendant Adams. They argue that inferences, unfavorable to plaintiffs, might be drawn, either on the question of liability or on the amount of residual damages to which they might be entitled. Depending upon varying circumstances, from case to case, it may be to the tactical advantage either of a plaintiff, or of a defendant, to establish before the jury that there had been a prior settlement or payment by one of several joint tort-feasors in mitigation of

---

* (Compare CPLR, § 3018, subd. (b) eff. Sept. 1, 1963.)

damages. On the one hand, such settlement might suggest the genuineness of plaintiffs' claim and, perhaps, the concurrence of responsibility by the other tort-feasors. On the other hand, such settlement or payment might suggest that that plaintiff has received all that he really should and is now merely being greedy. Or, the jury might even think that the tort-feasor, who settled before, was the only wrongdoer, merely because he settled.

In agreeing with plaintiffs' contentions Special Term was influenced by the rule in Illinois. Under this rule the information of prior settlements made by joint tort-feasors, not on trial, is kept from the jury. At the conclusion of the trial, if there is a verdict in favor of plaintiff, the trial court deducts the amount of such settlements from the award (*De Lude* v. *Rimek,* 351 Ill. App. 466; *Jackson* v. *Hursey,* 1 Ill. App. 2d 598; *Ryan* v. *Monson,* 33 Ill. App. 2d 406).

The same practice prevails in a number of other jurisdictions (*Ramsey* v. *Camp,* 254 N. C. 443; *Steger* v. *Egyud,* 219 Md. 331; *Skyline Cab Co.* v. *Bradley,* 325 S. W. 2d 176, 181–182 [Tex. Civ. App.]; *Cudd* v. *Great Amer. Ins. Co.,* 202 F. Supp. 237 [W. D., La.]; cf. *State Farm Mut. Auto. Ins. Co.* v. *Bourne,* 220 F. 2d 921 [5th Cir., per HUTCHESON, J.]).* Elsewhere, however, the rule, which follows traditional concepts with respect to mitigation of damages as a partial defense to be pleaded and proved, is the same as in New York (*Laurenzi* v. *Vranizan,* 25 Cal. 2d 806; *Ford Motor Co.* v. *Tomlinson,* 229 F. 2d 873, 878 [6th Cir.], cert. denied 352 U. S. 826; *Solomon* v. *Dabrowski,* 295 Mass. 358; *Atlantic Coast Line R. R. Co.* v. *Ouzts,* 82 Ga. App. 36; *McWhirter* v. *Otis Elevator Co.,* 40 F. Supp. 11, 13 [W.D., S.C.]).*

In the light of the statutes, the decisional authorities in New York, and the prevailing concept with regard to mitigation of damages as a partial defense, the credit method, as used in Illinois, is unavailable. Defendants are entitled to allege and prove the partial defense.

Plaintiffs also proposed at nisi prius that they would be agreeable to allegation and proof of the prior payments, but argued that then all the facts and circumstances of the payments should be revealed to the jury. The unlimited disclosure concerning the prior settlement is not permissible because it introduces irrelevancies into the trial. All that is relevant is the amount of the settlement because it is only the amount paid that is in

---

* Neither of these lists is exhaustive, as each includes only clear holdings. Other courts in other States have commented on this question in various contexts (see American Digest System, Damages: [Century ed.], §§ 112, 133; [Dec. Dig.] § 63).

mitigation of damages. Irrelevant, as a matter of law, are the economic, legal or other factors which may have induced the settlement, as well as the theories of liability which may have suggested or required the settlement. Also irrelevant is whether such theories had any practical relationship to the possible liability of the defendant now facing retrial.

While all of these last-mentioned matters are legally irrelevant, and therefore may not be proven, it is only fair that the pleadings not be misleading and that the jury upon the trial should be properly instructed by the trial court. For otherwise, the danger of prejudice to plaintiffs would be unnecessarily enhanced.

The allegation, contained in the proposed answer, that the sums were paid " in settlement of his [plaintiff's] claim ", without amplification, is misleading.* It confusingly suggests that the entire claim of each plaintiff has been fully discharged by the payments received from the former defendant. What ought to be said, either in these or equivalent words, is that the sums were paid on behalf of the former defendant Adams, but not in full discharge of the asserted claims, if any, of the respective plaintiffs against either that defendant (if that be the case) or any others who might be liable.

The trial court, moreover, should instruct the jury that the prior payments to plaintiffs are to be deducted from the whole amount the jury would otherwise award plaintiffs in evaluating the total injuries sustained and if, of course, the present defendant is found legally responsible for the injuries; that that is the only purpose of such evidence, namely, to reduce or mitigate the damages, if any, which plaintiffs may be entitled to recover; that the fact of prior payment is not to affect the jury's conclusion, in any way, as to defendant's liability to plaintiffs; that no inferences are to be drawn from the fact of the prior payments, or by whom they were made, as the circumstances are not in evidence and, at all events, except for mitigation of damages, they cannot affect any party's right to have the present case decided without reference to transactions outside the issues and evidence of the particular trial. In no way should the jury speculate, and it should be so admonished, with respect to such

---

* The partial defense as proposed, reads:

"FOURTH: That the plaintiff, Dora Livant, has been paid the sum of $10,000.00 in settlement of her claim herein by the former defendant, Eugene Adams.

"FIFTH: That the plaintiff, Walter Livant, has been paid the sum of $10,000.00 in settlement of his claim herein by the former defendant, Eugene Adams."

matters not proven to them, because the likelihood of erroneous conclusions is too great, prejudicial and unfair.

Accordingly, the order denying defendant's motion to serve an amended answer containing an affirmative partial defense with respect to the payments made by the former defendant, Adams, should be reversed on the law, with costs to defendant-appellant, and the motion granted with leave to serve a supplemental answer, or an amended and supplemental answer, in the manner suggested, within 20 days of service of the order herein with notice of entry.

RABIN, STEVENS, STEUER and BASTOW, JJ., concur.

Order, entered on January 8, 1963, denying defendant's motion to serve an amended answer containing an affirmative partial defense with respect to the payments made by the former defendant, Adams, unanimously reversed on the law, with $20 costs and disbursements to defendant-appellant, and the motion granted with leave to serve a supplemental answer, or an amended and supplemental answer, in the manner suggested, within 20 days after service of a copy of the order to be entered herein with notice of entry thereof. Settle order on notice.