Thomas P. FITZGERALD, an infant over the age of 14 years, by his Guardian ad Litem, Bridget Fitzgerald, and Bridget Fitzgerald, Plaintiffs,

v.

The SOUTHERN RAILWAY COMPANY, Defendant.

United States District Court
S. D. New York.
July 13, 1964.

See also D.C., 176 F.Supp. 445.

Schoengold & Sporn, New York City, for plaintiffs; Samuel P. Sporn, New York City, of counsel.

Davis Polk Wardwell Sunderland & Kiendl, New York City, for defendant; J. Roger Carroll, New York City, of counsel.

WYATT, District Judge.

This is the decision on a motion by defendant to reduce the verdict by $1500, first made on April 8, 1964 in open Court after the verdict and now pressed by written motion papers dated July 9, 1964.

This personal injury action was tried to a jury with a verdict for plaintiff of $7500 returned on April 8, 1964.

The action was commenced against two alleged joint tortfeasors, Southern Railway System and New York Central Railroad Co. For lack of jurisdiction (no diversity of citizenship) the action was dismissed against New York Central. It appears to be undisputed that thereafter plaintiff commenced an action against New York Central in the state court, which action was settled by payment of $1500 to plaintiff.

On the trial of the case at bar against Southern only (jurisdiction resting on diversity of citizenship), counsel for Southern inquired on cross-examination of plaintiff about his settlement with New York Central. Objection was sustained unless the answer "is allowed to

be amended" (SM 61). This ruling was based on Livant v. Livant, 18 A.D.2d 383, 239 N.Y.S.2d 608 (App.Div. 1st Dept. 1963) which, after full discussion of the problem, decided that in New York a defendant is entitled to plead and prove to the jury payments by another joint tortfeasor, this by way of mitigation of damages.

An argument for Southern that settlement by another tortfeasor was admissible as an "admission against interest" was rejected by the Court. (SM 62)

Southern then moved to amend its answer "to embrace that partial defense" and reference to what had just occurred shows that the partial defense was "that this plaintiff settled with the New York Central and received some sum of money" (SM 62).

The answer then was allowed to be amended (SM 63) and objection to inquiry about the settlement was overruled (SM 63).

Counsel for Southern established that there was a settlement with New York Central (SM 63) and then concluded cross-examination without establishing the amount paid. The Court then struck out the answer as to settlement, on the basis that without any evidence of the amount paid the jury would be forced to speculate as to the effect of settlement and that there could be prejudice to one party or the other from the fact that the jury was informed that there had been a settlement but without being told the amount.

Counsel for Southern then inquired of plaintiff as to the amount he had received and after plaintiff had said he did not understand the question counsel for Southern said (SM 64): "I withdraw the question, your Honor. I withdraw the whole thing." The Court instructed the jury "to erase completely this subject from your minds" (SM 64).

Counsel for plaintiff moved to strike the amendment to the answer, but this motion was denied on the basis that Southern should be permitted to prove the partial defense by evidence other than the testimony of plaintiff. No such evidence was ever offered, however.

Consequently the jury was instructed specifically to disregard completely the fact that there was mention of a settlement (SM 291–2).

Immediately after verdict, counsel for defendant moved to reduce the verdict by the amount of the settlement with New York Central ($1500) (SM 305). There was discussion (SM 305–12) but no decision.

Judgment was entered for $7500, the amount of the verdict, and the Court sent word to counsel that a motion on written papers to reduce the verdict would be entertained.

This motion has been made, that is, to reduce the verdict from $7500 to $6000 to reflect the amount of the New York Central payment.

The motion raises a very difficult question.

Where one tortfeasor has paid a settlement sum, there are two different solutions to prevent double payment of plaintiff: (a) the method followed in New York where a remaining defendant may plead and prove the payment as a partial defense, or (b) the method where information of a prior settlement is kept from the jury and used by the trial judge on a post verdict motion to reduce the verdict, illustrated by Schumacher v. Rosenthal, 226 F.2d 946 (7th Cir. 1955).

In the case at bar, Southern chose the first method but failed to prove the partial defense.

It was my strong first impression that, in view of my instructions to the jury, the damages of plaintiff are fixed at $7500 and since plaintiff has been paid $1500 the verdict should be reduced by that amount to prevent payment of that sum to plaintiff twice.

While the question is close and difficult, I now feel after further reflection that the verdict should not be reduced.

■ The reason is first that in New York it is not a matter of choice with a defendant which method is used as to payment under a prior settlement by another joint tortfeasor. I conclude from Livant that to get a reduction of the amount of the prior settlement defendant in New York *must* plead and prove the payment. Mr. Justice Breitel says at one point: "the rule * * * with respect to mitigation of damages as a partial defense *to be pleaded and proved,* is the same as in New York" (239 N.Y.S. 2d at 612; emphasis supplied). If I am correct that this is the rule in New York, then in the case at bar Southern failed to prove the pleaded partial defense, which therefore fails.

■ The second reason is that a party ought not to be allowed to get the *fact* of settlement before a jury without the amount paid. In the case at bar, counsel for defendant did not, I am sure, deliberately maneuver the matter but to permit a defendant to do what was done here would encourage a dangerous practice. A defendant could then get the fact of a prior settlement before the jury but without indicating the amount. If this worked in defendant's favor so that a verdict was returned for defendant, then the advantage was secured, but even if defendant lost the verdict, nothing as to the prior settlement would be lost because defendant could then by post verdict motion secure the reduction. I cannot believe that such a rule and practice—giving a defendant the benefit of both methods—would be sound.

It seems, therefore, that in New York a remaining joint tortfeasor has no choice. If it is desired to mitigate damages by the amount of a settlement by another joint tortfeasor, that fact must be pleaded and proved. In the case at bar it was pleaded but not proved.

The motion to reduce the verdict is accordingly denied.

So ordered.