Argued September 14, affirmed December 22, 1965

# PAUL B. EMERICK CO. *v.* WM. BOHNEN-KAMP AND ASSOCIATES, INC., ET AL

### 409 P. 2d 332

*Carl G. Helm,* La Grande, argued the cause and filed briefs for appellants.

*Lloyd V. Weiser,* Portland, argued the cause for respondent. On the brief were Weiser, Bowles & Young, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

Plaintiff initiated this case to obtain a declaration that a mortgage given to it by defendant Wm. Bohnenkamp and Associates, Inc., was valid. The latter will be referred to as Bohnenkamp. Defendants Bohnenkamp and Larison, who was trustee in bankruptcy for Bohnenkamp, filed a cross-complaint alleging that plaintiff was indebted to the trustee. During the trial the court ruled the mortgage invalid. Thereafter the trial proceeded on the allegations of the cross-complaint. As a part of the evidence in that part of the trial the court permitted plaintiff to introduce evidence in the nature of a set-off against the admitted indebtedness of plaintiff to defendant Larison. There had been no specific allegation of the set-offs by way of a reply. The court allowed the set-offs. Defendants appeal.

The facts are complicated but for our purposes may be briefly summarized. In 1960, plaintiff, referred to here as Emerick, was the general contractor for the construction of a hospital in Pendleton. Emerick con-

tracted with Wm. Bohnenkamp, as an individual, to perform the plumbing, heating and sheetmetal work required by the Emerick general contract. Wm. Bohnenkamp later caused the defendant corporation Bohnenkamp to be formed and the corporation undertook the performance of the subcontract. Bohnenkamp became financially involved. In self-protection, Emerick retained about $27,000 of payments due Bohnenkamp for work completed. The contract between Emerick and Bohnenkamp permitted Emerick to retain these funds. Later Bohnenkamp was adjudged a bankrupt and Larison was appointed trustee. Unpaid creditors of Bohnenkamp brought actions against Emerick and obtained judgments totaling almost $47,000. Our reference to Bohnenkamp's creditors will refer only to the creditors whose claims were related to the contract. Emerick paid these judgments. Emerick's contract with the owner compelled him to pay these debts. Some of Bohnenkamp's creditors had also filed claims in the bankruptcy proceedings. Emerick obtained assignments of the claims from these particular creditors. We will refer to this later. The payment of the judgments was the subject of the set-offs which the trial court permitted Emerick to prove in defense of the cross-complaint for the $27,000 that had been due Bohnenkamp.

The appealing defendants say that essentially the basis of this appeal is "* * * that plaintiff has failed to allege or prove a case which would permit the court to allow [plaintiff] to set-off against defendant Larison as trustee * * *" payments made to third parties subsequent to the adjudications in bankruptcy.

We cannot sustain defendants' objection to the introduction of the evidence of the set-offs because of the claim that the same were not alleged in the form

of a reply. Although not alleged in the reply, the nature of the claims and Emerick's demand that they be set-off against the amount due Bohnenkamp were repeatedly alleged in other parts of the voluminous pleadings in the case; they are in part found in defendants' own pleadings. When the evidence was presented defendants did not claim surprise or inability to meet the evidence because they had been unaware of the existence of the claimed set-offs. "The principal function of pleadings is to enable litigants to bring their controversies to trial on the merits, and, generally speaking, the rules concerning pleadings should not be permitted to defeat a party's right to a trial except when to do otherwise would be unjust to his adversary or violate some express command of the statute." *Ross v. Robinson,* 1944, 174 Or 25, 26, 147 P2d 204. The same principle has been repeated several times. *Perkins v. Standard Oil Co.,* 1963, 235 Or 7, 383 P2d 107, 383 P2d 1002; *Parker v. Faust,* 1960, 222 Or 526, 353 P2d 550; *L. B. Menefee Lumber Co. v. MacDonald et al,* 1927, 122 Or 579, 260 P 444. It was not error to admit the evidence.

Williston says that "Where both parties to a controversy are solvent, the right of set-off has merely procedural importance. * * * But if one of them is insolvent, it is a substantial disadvantage to the solvent party if he is compelled to discharge in full the debt which he owes and recover only a fraction of the debt which is owing to him." 6 Williston, Contracts (Rev ed 1938) Section 1998, page 5602.

It was, no doubt, for these reasons that Section 68 (a) (11 USCA 108 a) provides that "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and

the balance only shall be allowed or paid." If this had been a contest between Emerick and a solvent Bohnenkamp there would have been no doubt as to Emerick's right to a set-off. The only restriction on the right of set-off which is relevant to this case is found in Section 68 b (11 USCA 108 b). It says:

"A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which (1) is not provable against the estate and allowable under subdivision g of Section 93 [Section 57g of the Bankruptcy Act] of this title; or (2) was purchased by or transferred to him after the filing of the petition or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent or had committed an act of bankruptcy. July 1, 1898, 541, § 68, 30 Stat. 565; June 22, 1938, c 575, § 1, 52 Stat. 878."

Larison argues that Emerick's payment of Bohnenkamp's debts was an attempt to obtain a void preference as prohibited by Section 57 g (11 USCA 93 g). The argument is unrelated to the facts.

Larison also claims that Section 57 i (11 USCA 93 i) is applicable. The latter section relates to the filing, proof and payment of claims by persons who are secondarily liable. It is irrelevant to this case. The only limitations in the bankruptcy statutes on the right to a set-off are those specified in Section 68 (11 USCA 108) and that section refers only to 57 g (11 USCA 93 g) relating to preferences. Emerick was not seeking a preference when he was forced to pay the claims as required by his contract with the owner. If Emerick attempts to assert his assigned claims in the bankruptcy proceedings, Section 57 i may be material. But Section 57 g and 57 i are not significant here.

The only possible restriction on Emerick's right to

the set-offs is found in Section 68 b (2) relating to a transfer after the filing of the petition. However, that restriction does not apply here because it is limited to an acquisition of a right of set-off "* * * with a view to such use * * *." It is obvious here that Emerick did not acquire or buy the claims of Bohnenkamp's creditors for the purpose of buying a set-off. He was obligated by his previous contract to pay these creditors regardless of any set-off or ability to recover the amount of the payments from Bohnenkamp. The fact that Emerick was able, by reason of his contract with Bohnenkamp, to retain funds otherwise due Bohnenkamp was only a measure of protection. Whether he retained from Bohnenkamp or not, he had been required by his contract with the owner to pay those creditors of Bohnenkamp. We would be obliged to ignore the facts of this case if we were to hold that Emerick bought these claims only for the purpose of acquiring a set-off. See text material and cases cited and quoted from in 4 Collins, Bankruptcy (14 ed 1964) Section 68.12.

■ In our resume of the facts and pleadings in this case we mentioned that it was conceded by Emerick that he was indebted to Bohnenkamp's trustee for the amount he had retained. We think this was an unnecessary concession. It appears that Larison, as trustee, had no valid claim to the funds retained in any event. *Derby v. United States F. & G. Co.*, 1917, 87 Or 34, 169 P 500; *Hartford Accident & Indemnity Co. v. Coggin* (CA 4, 1935) 78 F2d 471; *Danais v. M. De Matteo Const. Co.*, USDC NH 1952, 102 F Supp 874.

Affirmed.