Argued September 5, 1968, affirmed March 12, 1969

KIRBY, *Appellant, v.* SNOW, *Respondent.*

451 P. 2d 866

*Randolph Slocum,* Roseburg, argued the cause for appellant. With him on the brief were Horn, Slocum and Washburn, Roseburg, and Joel B. Reeder, Medford.

*Hugh B. Collins,* Medford, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

PERRY, C. J.

This is an action for malpractice in which the plaintiff seeks judgment for damages alleged to have arisen by reason of the negligence of the defendant in treating a fracture of a carpal navicular bone.

The jury returned a verdict in favor of the defendant and the plaintiff appeals.

The admitted facts disclose that on June 12, 1963, plaintiff fell on his left hand and the following day went to defendant for treatment. Approximately three months later the plaintiff was still complaining of this injury, and the defendant referred him to Dr. Bolton. The defendant had diagnosed the injury as a sprain. Dr. Bolton discovered a fracture existed and a union of the bone was affected.

On September 18, 1964, plaintiff's left hand and wrist were again injured in an accident. In this subsequent accident the plaintiff sufffered a fracture of the radial styloid in his left arm and the carpal navicular bone was again fractured.

The plaintiff's contention is that defendant was negligent in his treatment of the prior fracture to such an extent that it would not properly heal even with proper subsequent treatment. Therefore, when it became necessary, after the second accident, to remove the carpal navicular bone and the defendant lost the full use of his left hand, this loss of use was due to the original negligence of the defendant.

The plaintiff sought general damages, and special damages. His special damages are based upon loss of wages from the date of the original fracture and his medical expenses.

Defendant answered with a general denial. As a second answer, defendant alleged that the second injury occurred while plaintiff was employed by the Pinnacle Packing Company, and that in consideration of the payment of $5,500 plaintiff released the Pinnacle Packing Company and all others directly or indirectly liable for all damages he suffered by reason of the subsequent injury. Defendant thus contended that plaintiff had been fully compensated for all damages arising out of the injuries received in the accident of September 18, 1964.

Plaintiff demurred to the second answer of defendant on the ground that it did not state a defense. The trial court files do not disclose that the trial court ruled upon plaintiff's demurrer, although the transcript of the trial indicates that the judge was of the opinion he had overruled the demurrer. Plaintiff replied to the answer with a general denial.

The trial court instructed the jury: "If you find that defendant's negligence as set out in the amended complaint was a proximate cause of the injuries the plaintiff suffered on September 18, 1964, and you award damages for these injuries then you must de-

duct from such award the sums that you find have previously been paid to plaintiff for said injuries."

Plaintiff assigns as error the overruling by the trial court of his demurrer to defendant's second answer, and the instruction to the jury to set off plaintiff's general damages as alleged by the amount plaintiff received from the Pinnacle Packing Company.

■ It is now settled law in this jurisdiction that, where, as here, a plaintiff's injuries are the result of the concurrent negligence of two or more tort-feasors, payment by one or more of the tort-feasors to the injured party, which does not discharge the remaining tort-feasors, operates to reduce pro tanto the amount he is entitled to recover from any other tort-feasor. *Hicklin v. Anders,* 201 Or 128, 253 P2d 897, 269 P2d 521.

■ The trial court construed, as do we, that this defense set forth new matter in mitigation of the damages claimed. Matters in mitigation of damages to be relied upon must generally be pleaded and proved. *Emerick Co. v. Bohnenkamp & Assoc.,* 242 Or 253, 409 P2d 332; *Morgan v. Johns,* 84 Or 557, 165 P 369; *Springer v. Jenkins,* 47 Or 502, 84 P 479.

Jurisdictions elsewhere follow this traditional concept with respect to mitigation of damages as a partial defense in those cases where a defendant is entitled to set off sums received by an injured plaintiff. *Livant v. Livant,* 239 NYS2d 608, 18 App Div 2d 383, appeal dismissed 13 NY2d 894, 193 NE2d 503, and cases cited therein.

■ There is, however, a divergence of opinion among the various jurisdictions as to whether matters in mitigation of damages must be specially pleaded or may be proven under a general denial. It is not necessary to determine that issue in this case. If the alle-

gations were merely redundant, they were subject to a motion to strike, ORS 16.100(2). In any event, it was not subject to demurrer. ORS 16.280.

■ The trial court did not err in overruling plaintiff's demurrer, or in instructing the jury to deduct the amount previously paid to the plaintiff for his injuries from any recovery awarded.

Plaintiff also assigns as error the refusal of the trial court to grant his motion for a mistrial.

The facts disclose that plaintiff was treated in the Veterans Administration Hospital. The clinical report of the hospital discloses that plaintiff was treated for a venereal disease. Out of the presence of the jury the defendant offered to establish by medical testimony that such a disease was a factor in retarding a union of fractured bones.

Since the medical witness could testify only to a possibility and not a medical probability in this respect, the offer was refused.

■ The trial court was extremely careful in preventing the jury from receiving any knowledge of plaintiff's purported social disease. Therefore, there could be no error in the refusal of the plaintiff's motion.

There are other assignments of error made by plaintiff. We have considered each and find no merit in them.

The judgment is affirmed.