Argued October 12, reversed with instructions December 22, 1971

RICHARDS, *Respondent, v.* SMITH, *Appellant.*

491 P2d 1167

*Stewart M. Whipple,* Portland, argued the cause for appellant. With him on the briefs were Seitz, Whipple & Johansen and Alan H. Johansen, Portland.

*Brian L. Welch,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson & Atchison and Raymond J. Conboy, Portland.

DENECKE, J.

Plaintiff secured a judgment for $4,000 in his personal injury action. The defendant paid $2,200 to the clerk of the court and petitioned the court to direct the clerk to enter a full satisfaction of judgment. In support of his petition counsel filed an affidavit in which he stated that immediately prior to trial he stated to the court that an "advance payment" of $1,800 had been made to plaintiff; plaintiff stipulated that such an amount had been received; the purpose of the payment was not stipulated; and plaintiff did not upon receipt of the money or at any time make any agreement regarding the payment. No counter affidavit was filed. The trial court denied the petition and defendant appeals.

■ Defendant did not comply with ORS 19.074(2)(b) and file a statement of points; however, because the sole basis for appeal is obvious we find the defendant had a "reasonable excuse" for his omission.

■ Plaintiff also contends the defendant cannot claim any credit for the payments because he did not plead payments. As the trial court observed, the payments do not involve any issue at trial; therefore, "advance payment" need not be pleaded.[1]

---

[1] Oregon Laws 1971, ch 331, p 493, not applicable to this case, provides for advance payment and the mechanics of crediting such payments.

■ The substantive issue is whether the defendant can credit these payments upon the judgment even though the plaintiff made no express agreement that he would permit defendant to do so. We hold the defendant can.

Plaintiff contends there is no evidence that the defendant made the payments as partial compensation for plaintiff's personal injury claim. The defendant states in his affidavit that he made "advance payments." This is not contradicted. "Advance payment" is a phrase known in the insurance industry to describe payment made as compensation for injury prior to determination of legal liability. Oregon Laws 1971, ch 331, § 1, p 493; 1 Insurance Practice in Oregon, Oregon State Bar Continuing Legal Education, §§ 14.27-14.30 (1969).

The inference is strong that payments by a liability insurance carrier to an injured party are intended as compensation. Certainly, the inference is almost conclusive that the payments were not intended as gratuities. See *Herrera v. Workmen's Compensation Appeals Board,* 71 Cal2d 254, 78 Cal Rptr 497, 455 P2d 425, 428 (1969) (Payment of full wages during period of total disability constitutes payment of workmen's compensation.).

From the injured party's view, if he was not misled because of his ignorance of the purpose of the payments and did not take some prejudicial action because of being misled, it is irrelevant that he did not know the nature of the payments. There is no evidence that plaintiff was misled or took some prejudicial

action because of his ignorance of the nature of the payments.[2]

Reversed with instructions to enter a full satisfaction of judgment. Because of defendant's failure to file a statement of points in compliance with ORS 19.074 (2)(b), costs are not allowed to defendant. Cf. *Wynn v. Sundquist,* 259 Or 125, 131, 485 P2d 1085 (1971).

McALLISTER, J., dissents.

---

[2] Oregon Laws 1971, ch 331, § 5, pp 493-494, penalizes an insurer if it does not notify an insured party of the expiration of the limitation period. Written notice of the nature and effect of the payments would seem to be a desirable practice from the insurer's standpoint to meet possible charges of misrepresentation and consequent prejudice.