Argued June 4, affirmed October 24, 1974

STARR, *Appellant, v.* HECKATHORNE ET AL,
*Respondents.*
527 P2d 401

*Robert G. Ringo,* Corvallis, argued the cause for appellant. On the brief were Ringo, Walton, McClain & Eves.

*Bruce W. Williams,* Salem, argued the cause for respondent Heckathorne.

*J. Philip Parks* of Miller, Beck & Parks, Salem, argued the cause and filed a brief for respondent Martin.

Before McAllister, Presiding Justice, and Denecke,* Holman, Tongue, Howell, and Bryson, Justices.

McAllister, J.

This is an appeal from an order directing the county clerk of Polk county to enter of record a partial satisfaction of a judgment.

There is no dispute about the facts. The plaintiff Luanne Mary Starr, on August 23, 1973 obtained a joint and several judgment in the sum of $27,208.80 against the defendants Thomas Alfred Heckathorne and Dennis Eugene Martin for injuries sustained in an automobile accident. It is agreed that prior to the entry of the judgment the defendant Heckathorne or his insurer made advance payments to the plaintiff Starr in the sum of $9,904.23 pursuant to an agreement that said payments would be applied in partial satisfaction of any judgment secured by plaintiff against Heckathorne.

---

* Denecke, J., did not participate in the decision of this case.

On August 31, 1973 the defendant Martin petitioned the court for an order directing the clerk to enter a partial satisfaction of judgment in the amount of the. "advance payments" previously made to the plaintiff. The plaintiff objected to the motion on the sole ground that defendant Martin had no standing to request a partial satisfaction of the judgment for payments made by or on behalf of Heckathorne—in other words, that only Heckathorne could ask that his payments be applied on the judgment. The trial court ordered the clerk to enter a partial satisfaction and plaintiff appealed. We affirm.

■ The parties agree that neither Oregon Laws 1971, ch 665, providing for a right of contribution between joint tortfeasors nor Oregon Laws 1971, ch 331, regarding advance payments, is applicable to this case. But under the common law rule applicable to this case we think defendant Martin had a right to apply to the court for a partial satisfaction in the sum of the advance payments made by Heckathorne or on his behalf. Under the common law rule, which gave no right of contribution among joint tortfeasors, this court, in a number of cases under a variety of circumstances consistently held that one joint tortfeasor was entitled to the benefits pro tanto of the amounts paid to the judgment creditor by a joint tortfeasor. *Murray v. Helfrich,* 146 Or 602, 30 P2d 1053 (1934); *Hicklin v. Anders,* 201 Or 128, 136, 253 P2d 897, 269 P2d 521 (1954); *Kirby v. Snow,* 252 Or 592, 595, 451 P2d 866 (1969). See, also, *Richards v. Smith,* 260 Or 586, 491 P2d 1167 (1971).

■ All of those cases were predicated on the basic rule that the judgment creditor was entitled to only one satisfaction of his judgment. In *Murray v. Helfrich,*

supra, this court quoted with approval from *O'Neil v. National Oil Company,* 231 Mass 20, 29, 120 NE 107 (1918) as follows:

"'* * * She [the judgment creditor] was entitled to maintain an action against each or all who contributed to her injury, but she was entitled to but one satisfaction. Her cause of action was not extinguished by the receipt of the money. It was, however, a partial satisfaction of her claim; and she cannot receive, for the same wrong, remuneration in excess of her actual damage. It would be unjust for a plaintiff to retain money received from one of several tort-feasors under a covenant not to sue him for the injury, and to recover from the other tortfeasor full satisfaction for the same injury. * * *'" 146 Or at 607-608.

In this case the judgment creditor was attempting to maintain a position from which she could collect her judgment in full from Martin while still retaining the advance payments received from Heckathorne. This would have given her $9,904.23 more than the jury awarded her. This we have repeatedly held she is not entitled to do.

Affirmed.