Argued December 19, 1974, reversed and remanded January 20,
reconsideration denied February 26, petition for review
denied March 27, 1975

## DOMASCHOFSKY et al, *Appellants, v.*
## POLK COUNTY, *Respondent.*

### 530 P2d 852

*Scott McArthur,* Monmouth, argued the cause for appellant. With him on the brief were McArthur & Horner, P.C., Monmouth.

*Dwight L. Ferris,* Deputy District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Richard Kevin Domaschofsky was injured in a collision between an automobile and a Southern Pacific Transportation Company freight train. The collision occurred at a crossing of a railroad track and a road maintained by Polk County.

Plaintiffs filed an action against both the County and Southern Pacific Transportation Company claiming damages in the sum of $250,000. The County demurred on the ground that ORS 368.940 (*repealed* Oregon Laws 1969, ch 429, § 6) prohibited claims against the County in excess of $10,000. Plaintiffs then filed separate actions against each party. Plaintiffs settled their claim against the Southern Pacific

Transportation Company for $37,500, giving a covenant not to sue.

In the action against Polk County, the County filed an amended answer claiming plaintiffs, by settling with the joint tort-feasor, Southern Pacific Transportation Company, for $37,500, had as a matter of law extinguished their claim against the County. Plaintiffs demurred to the amended answer; the circuit court ruled that the County was entitled to offset against the $10,000 maximum that the plaintiffs might recover from the County the sum of $37,500 already received from the Southern Pacific Transportation Company, and thus overruled the demurrer.

Plaintiffs refused to plead further, the circuit court entered judgment for the County, and this appeal followed.

The principal issue on this appeal involves an interpretation of former ORS 368.940, which read:

"Whenever any individual, while lawfully traveling upon any highway of this state which is a legal county road or bridge upon such highway, without contributory negligence and without knowledge of the defect or danger, sustains any loss, damage or injury to person or property in consequence of the defective or dangerous condition of the road or bridge of which the county court or board of county commissioners or county road department for such county has notice, or of which, in the exercise of ordinary care, any of them should have had notice and sufficient time to remedy such defective or dangerous condition, he is entitled to recover of the county in which the loss, damage or injury occurred, compensatory damages, not exceeding $10,000 in any case, by action in the circuit, district or justice's court in the county if the amount of damages sued for does not exceed the

jurisdictional limit of the court." (*Repealed* Oregon Laws 1969, ch 429, § 6)

The question to be decided is, where a county's liability is limited by statute and where an injured party has received more than that statutory limitation from a joint tort-feasor, has the injured party extinguished his right to proceed against the county for damages not yet recovered, up to the statutory limitation?

■■ It is conceded by the parties that Polk County and the Southern Pacific Transportation Company occupy the status of joint tort-feasors. Defendant concedes that the compromise of plaintiffs' claim against Southern Pacific Transportation Company does not ipso facto bar them from recovery against the County. Plaintiffs and defendant agree that a payment made by one joint tort-feasor in consideration for a claimant's agreement not to proceed further against that joint tort-feasor would extinguish *pro tanto* "the amount of damages, if any, which may be ultimately found recoverable" against other joint tort-feasors. *Hicklin v. Anders,* 201 Or 128, 136, 253 P2d 897, 269 P2d 521 (1954). *See also Kirby v. Snow,* 252 Or 592, 451 P2d 866 (1969). It is also agreed by both parties that, where there is a statutory limit on the amount of damages recoverable, a plaintiff is restricted to the amount of the statutory limit in the prayer of his complaint. *Bailey v. Rhodes, Adm.,* 202 Or 511, 525, 276 P2d 713 (1954).

The County argues that since plaintiffs are not entitled to allege damages in excess of $10,000 in their pleadings and since plaintiffs have already received $37,500 in damages, the *pro tanto* reduction concept

requires that the $37,500 figure be applied to the $10,-000 figure; as a result, the plaintiffs would have already received an amount greater than they would be entitled to and no action would be maintainable against the County.

We do not so construe the statute and the applicable decisions.

Oregon cases regarding the *pro tanto* reduction concept are predicated on the basic rule that a judgment creditor is "entitled to only one satisfaction of his judgment." *Starr v. Heckathorne,* 270 Or 238, 240, 527 P2d 401 (1974). Plaintiffs do not contend that they should be able to recover twice for the injuries suffered. They merely contend that the fact that they have settled with joint tort-feasor Southern Pacific Transportation Company does not release the other joint tort-feasor, Polk County; that the settlement with Southern Pacific Transportation Company is not conclusive of the amount of damages suffered by plaintiffs and does not bar them from recovering provable additional damages not to exceed $10,000 from Polk County.

In interpreting statutes we should seek to avoid absurd results. *State v. Irving,* 268 Or 204, 520 P2d 354 (1974). ORS 368.940 states that a claimant "* * * is entitled to recover *of the county* * * * compensatory damages, not exceeding $10,000 in any case * * *." (Emphasis supplied.) Were this court to adopt the reasoning of defendant Polk County, plaintiffs would have been free to sue for the statutory limit of $10,000, and, whether or not successful, could thereafter proceed against the other joint tort-feasor for further damages, if any. However, in the case of the successful suit or settlement with the other

joint tort-feasor resulting in a payment of $10,000 or more, such recovery would be credited to the County, up to that $10,000 limit. In essence, defendant's interpretation of the statute would limit the County's liability to the *first* $10,000 in damages sustained. We do not so read the statute; rather, the statute is a mere limitation upon the County's total liability regardless of the total damages suffered or number of tort-feasors involved. The existence or nonexistence of the County's liability should not be predicated upon procedural chance.

■ We further note that both parties have relied in part upon the decision in *Wiebe v. Seeley, Administrator,* 215 Or 331, 335 P2d 379 (1959). There, the administrator of an estate was joined with a joint tort-feasor of the deceased in an action for $77,000. The liability of the estate was statutorily limited to $15,000. The Supreme Court therein stated:

> "* * * The legislature has said, in effect, that regardless of the extent of the damages actually suffered by the plaintiff in an action against the estate of a deceased tort-feasor, *recoverable* damages may not exceed $15,000. *  * *" (Emphasis theirs.) 215 Or at 352-53.

The *Wiebe* reasoning is applicable to the case at bar; former ORS 368.940 does not limit the total amount of damages which may be recovered by the plaintiffs against all joint tort-feasors, but it limits the maximum liability of Polk County to $10,000.

We therefore hold that former ORS 368.940 does not preclude recovering of damages by plaintiffs up to $10,000 from the County, even though the plaintiffs have already compromised their claim against the other joint tort-feasor for more than the $10,000 limitation.

Under this approach, it is appropriate for plaintiffs to seek up to $10,000 in damages from the County. At trial the plaintiffs in order to recover from the defendant County will be required to prove damages in excess of $37,500. Proven damages in excess of $37,500 would be recoverable from the county to the statutory maximum of $10,000.

Reversed and remanded.