Argued June 18, reversed and remanded September 17, 1979

# BRACKENBROUGH,
*Appellant,*
*v.*
# MacCLOSKEY,
*Respondent.*

## (No. 20805, CA 12879)

600 P2d 481

J. Michael Alexander, Salem, argued the cause for appellant. With him on the brief was Brown, Burt & Swanson, P.C., Salem.

Elizabeth K. Reeve, Portland, argued the cause for respondent. With her on the brief were Wayne A. Williamson and Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland.

Before Schwab, Chief Judge, and Tanzer and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff appeals from a summary judgment for defendant in this medical malpractice action. We reverse and remand.

In June 1974, while operating a motorcycle, plaintiff was injured in an accident with a vehicle operated by Ryan S. Albright and owned by the operator's father, Lloyd K. Albright. The defendant physician treated the plaintiff for injuries sustained in that accident. In June 1976, plaintiff brought this action against the physician. In February 1977, plaintiff signed a release which, for $27,000 consideration paid him by the Albrights, provides in material part that plaintiff

> "* * * does hereby, and for my heirs, personal representatives, successors and assigns, release and acquit and forever discharge RYAN S. ALBRIGHT and LLOYD K. ALBRIGHT, and their agents, servants, successors, heirs, personal representatives *and all other persons*, firms, corporations, associations or partnerships of and from any and all claims, actions, causes of actions, demands, rights, damages, costs, loss of services, expenses and compensation whatsoever, which the undersigned now has or which may hereafter acquire on the account of or in any way growing out of any and all known and unknown, foreseen and unforeseen, bodily and personal injury and property damage and the consequences thereof resulting or to result from the accident * * *." (Emphasis supplied.)

Defendant moved for summary judgment on the general ground that the emphasized language in the release made it applicable to him as well as to the Albrights. Plaintiff filed an affidavit opposing the motion, stating that it was not his intent to release defendant by executing the release in favor of the Albrights. The trial court granted the motion.

Plaintiff appeals, arguing first that, as a matter of law, the release does not apply to defendant because defendant and the Albrights were not joint tortfeasors,

the injuries caused by defendant were successive to and not a consequence of the accident, and the language of the release therefore does not extend to those injuries. *Kirby v. Snow*, 252 Or 592, 451 P2d 866 (1969) *suggests* that a person who causes injury and a physician who negligently aggravates the injury are joint or concurrent tortfeasors. *Cf. Rogers v. Hexol, Inc.*, 218 F Supp 453 (D Or 1962). The complaint alleges that plaintiff suffered a leg fracture in the accident, and that from and after the date of the accident he was treated for a leg fracture and complications by the defendant. We therefore cannot hold as a matter of law, on the basis of the record before us, that the injuries attributed to defendant by plaintiff were not aggravations or consequences of the injuries sustained in the accident, or that the language of the release *cannot* apply to defendant.

The next issue plaintiff raises is whether, as a matter of law, the release *necessarily does* apply to defendant.

Plaintiff argues that the release does not discharge defendant from liability as a matter of law; that Oregon precedent is to the effect that whether a general release discharges persons who are not named in it or parties to it from liability depends on the intention of the parties; and that there was therefore a genuine issue of material fact—the parties' intent—which precluded the granting of summary judgment under ORS 18.105. Defendant argues that the language of the release is clear on its face, that parol testimony of the parties' intended meaning therefore should not be permitted, and that, for a variety of reasons, prior case law which is contrary to defendant's arguments is distinguishable.

In *Rudick v. Pioneer Memorial Hospital*, 296 F2d 316 (9th Cir 1961), the plaintiff was injured in an automobile accident. She executed a release in favor of the driver of the other automobile. The plaintiff

brought an action against two physicians and a hospital for negligent care following the accident, and the defendants argued that the release barred the action. The release in *Rudick* was substantially similar to the one here; it purported to "forever discharge * * * all other persons" as well as the named driver from liability for all consequences arising "as the result" of the accident. The United States Court of Appeals, applying Oregon law, approved the conclusion of the trial court that

> " '* * * Oregon [is] among those jurisdictions which follow the well established rule that a litigant who was not a party to a written agreement upon which he seeks to rely, may not prevent the introduction of parol evidence to establish the intention of the parties to the agreement.' " 296 F2d at 319.

However, the Court of Appeals reversed the trial court's holding that the plaintiff was required "to meet the burden of establishing an intent different from that 'clearly expressed' in the release agreement." 296 F2d at 319. The appellate court then articulated its own test:

> "We do not regard the document as so clear in its coverage as to render incredibly inconsistent testimony as to a contrary intent. The question is the clarity of the document to this appellant, knowing what she knew as to who the insured was and what the policy limits were. Under these circumstances, the document's apparent confinement of the release to a [particular accident] * * * might very well to this layman have excluded a release of acts of negligence subsequently committed in a hospital in Prineville." 296 F2d at 320.

In *Cranford v. McNiece*, 252 Or 446, 450 P2d 529 (1969), the Supreme Court construed a convenant not to sue which the personal representative of a decedent killed in an automobile accident had executed in favor of the driver of one of the two automobiles involved. The covenant, like the release here and the release in *Rudick*, purported to apply to "all other persons" as well as to the individual named in it. The personal

representative instituted an action against the driver of the second car, and the latter contended that the covenant between plaintiff and the driver of the first car barred the action as a matter of law. The court rejected the contention, holding that the effect of the covenant on the right of action was a factual question, turning on the intent of the parties to the covenant. The court stated:

"\* \* \* [T]he document of compromise ordinarily will be only one of the pieces of evidence of the intent of the parties, not the sole evidence. [Footnote omitted.]

"The parol evidence rule is not applicable. '\* \* \* [P]arol evidence can be used to vary or contradict a contract when the litigation is between a party to the contract and a stranger thereto. \* \* \* [Citations]. This is true even where the evidence is offered by the party to the contract. \* \* \*' *Carolina Casualty v. Oregon Auto.*, 242 Or 407, 413, 408 P2d 198 (1966).

"Therefore, parol evidence of the plaintiff's intentions can be introduced when the plaintiff has executed an agreement releasing or covenanting not to sue one tortfeasor." 252 Or at 453.

*See also Stanfield v. Laccoarce*, 284 Or 651, 661-62, 588 P2d 1271 (1978); and *Hicklin v. Anders*, 201 Or 128, 253 P2d 897, 269 P2d 521 (1954).

■ Although defendant appears not to acknowledge that the foregoing cases stand for the principle they so clearly state, he makes a number of contentions which seem to be aimed at distinguishing those cases from the present one. First, he argues that the release in this case contained an "integration clause," providing that the release was "the entire agreement between the parties." We see no possible relevance that that provision, agreed to by the parties to the release, can have on whether parol evidence is admissible to establish whether the parties intended the release to apply to a nonparty.

The defendant next argues that *Cranford* is not relevant because the document in question there was a covenant not to sue, while here the document is a

release. As quoted above, the Supreme Court in *Cranford* specifically noted that the principle of its decision applied "when the plaintiff has executed an agreement *releasing or covenanting not to sue* one tortfeasor." (Emphasis supplied.) 252 Or at 453.

■   Next, defendant notes that the release was executed after the action against him had been commenced. The significance of that fact, if any, is limited to whatever weight the trier of fact might accord it in determining whom the parties intended to release. The relative dates of the release and the initiation of the action do not determine the intended meaning of the release as a matter of law.

Defendant's remaining argument is to the following effect: If the release does not extend to him as well as to the individuals named in it, it ceases to be a release and becomes a mere covenant not to sue the Albrights; if it is a covenant not to sue rather than a release, the plaintiff did not comply with ORS 18.455(2)'s requirement that a claimant give notice to all persons against whom he makes claims for an injury of any covenant not to sue he has given to other persons purportedly liable for the same injury; because the plaintiff did not give such notice, ORS 18.455 does not apply and the Albrights are not discharged from liability for contribution to other persons liable for the injury, as they would have been under ORS 18.455(1)(b) if there had been compliance with the notice provision of the statute; and they also are not entitled to recover "contribution from another tortfeasor whose liability * * * is not extinguished by the settlement * * *," pursuant to ORS 18.440(3), if the liability of other tortfeasors is not affected by the release. Defendant concludes that parol evidence should not be admissible because, under the series of propositions summarized above, "if a claimant is permitted to controvert the unequivocal language of the release, the subjective intent of a claimant would then be permitted to control the released tortfeasor's right of contribution."

■ We do not comment on the merits of defendant's analysis of ORS 18.440 and 18.455. That analysis has nothing to do with the issue in this appeal or the parties to it. The issue here is whether, as a matter of law, the release extinguishes plaintiff's cause of action against defendant. That issue is decided by *Cranford* and the other authorities cited. In any event, the Albrights are not parties to the action, and their obligation to contribute and their right to receive contribution are not before us. On remand, the trial court may wish to examine defendant's analysis of ORS 18.440 and 18.455 to determine whether the Albrights should be joined as parties to protect any interest they may have in contribution to or from the defendant. ORS 13.110; ORS 13.170.

Reversed and remanded.