Jon C. ZIEGLER,
*Appellant,*

*v.*

Ray Donald BOSTWICK,
*Respondent.*

(89-2342-L-3; CA A65097)

809 P2d 131

Patrick Rothwell, Ashland, argued the cause for appellant. On the brief were Daniel L. Harris and Ainsworth, Davis, Gilstrap, Harris, Balocca & Fitch, P.C., Ashland.

Robert Grant, Medford, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

## WARREN, P. J.

Plaintiff appeals a summary judgment dismissing his claim against defendant. We reverse.

Plaintiff was injured when his automobile was struck by another car driven by Sydney Rowden, who had run a stop sign that she claimed she did not see because a motor home owned by defendant was parked next to the sign. Plaintiff settled with Rowden and her husband before bringing this action and signed a release in which he agreed, in part, to:

"Remise, Release and Forever Discharge

"ROWDEN, MELVIN R. & VIKING INSURANCE COM-PANY his/her/their/its heirs, executors, administrators, successors or assigns, together with *all other persons,* firms and corporations whomsoever of and from any and all actions, claims and demands, whatsoever which claimant now has/have or may hereafter have on account of or arising out of an accident, casualty and/or event which happened on or about the 18TH day of JULY, 1987 at or near SUMMIT & HAVEN MEDFORD, OREGON including known and unknown injuries and the consequences thereof which may hereafter develop as well as those which have already developed or are now apparent." (Emphasis supplied.)

Defendant moved for summary judgment, claiming that the release also applied to him because of the phrase "all other persons." The court granted the motion.

On review of a summary judgment, we examine whether there are any disputed issues of material fact and whether the prevailing party was entitled to a judgment as a matter of law. *Seeborg v. General Motors Corp,* 284 Or 695, 588 P2d 1100 (1978). Plaintiff contends that the court erred in granting the motion, because the intent of the parties to the release creates a disputed issue of material fact and the parties intended only to release Viking Insurance, Rowden and her husband. Defendant contends that the language of the release is clear and unambiguous and should be enforced as written.

■ The same question has been decided in *Cranford v. McNiece,* 252 Or 446, 450 P2d 529 (1969), and *Brackenbrough v. MacCloskey,* 42 Or App 231, 600 P2d 481 (1979). Both cases held that summary judgment was inappropriate when the issue was whether a release that included the language "and

all other persons" released other tortfeasors who were not parties to the agreement. *Brackenbrough* specifically says that parol evidence may be introduced about whether the parties actually intended the release to extend to other persons. *See also Henderson v. Hercules, Inc.,* 57 Or App 791, 794, 646 P2d 658 (1982).

■ Defendant argues that those cases should be overruled or are distinguishable. The argument is without merit. Oregon law has long held that a release of one tortfeasor operates as a release of others *only if* the parties intended it to have that effect. *Stanfield v. Laccoarce,* 284 Or 651, 662, 588 P2d 1271 (1978); *Black v. Funderbunk,* 277 Or 157, 162, 560 P2d 272 (1977). Summary judgment was inappropriate because the parties' intent is a disputed issue of material fact.

Reversed and remanded.