Argued and submitted July 27, affirmed November 8, 2006

Catherine STAUFFER,
*Respondent,*

*v.*

OREGON CITIZEN'S ALLIANCE,
an Oregon nonprofit corporation,
*Appellant,*

*and*

Scott LIVELY,
*Defendant.*

Catherine STAUFFER,
*Respondent,*

*v.*

OREGON CITIZEN'S ALLIANCE
EDUCATIONAL FOUNDATION, INC.,
and Oregon Citizen's Alliance PAC, Inc.,
*Appellants.*

9111-07218; A121481

149 P3d 140

James E. Leuenberger argued the cause and filed the brief for appellants.

Mark Johnson argued the cause for respondent. With him on the brief was Johnson Renshaw & Lechman-Su PC.

Before Edmonds, Presiding Judge, and Linder, Judge, and Yraguen, Senior Judge.*

YRAGUEN, S. J.

---

* Yraguen, S. J., *vice* Deits, J. pro tempore.

## YRAGUEN, S. J.

Defendants Oregon Citizen's Alliance, Oregon Citizen's Alliance Educational Foundation, Inc., and Oregon Citizen's Alliance PAC, Inc. (the OCA defendants) appeal the trial court's order holding them liable for remaining unpaid interest on a money judgment against them and defendant Scott Lively jointly and severally. They assign error to the trial court's determination that, when plaintiff Catherine Stauffer entered into a judgment payment agreement and subsequent satisfaction with Lively, such satisfaction did *not* act as a discharge for the OCA defendants on any unpaid judgment interest. We affirm.

This case presents a single legal issue with no fact in dispute. Therefore, we review for errors of law. *Machado-Miller v. Mersereau & Shannon, LLP*, 180 Or App 586, 589, 43 P3d 1207 (2002).

This case concerns an award for personal injuries. In 1992, Stauffer obtained a money judgment in the amount of $21,981 jointly and severally against the OCA defendants and Lively. Thereafter, Stauffer entered into a judgment payment agreement with Lively in which Stauffer agreed not to enforce the judgment against Lively if he agreed to make payments toward and to pay off the judgment principal. He was not required to pay any of the accrued interest, so that portion of the judgment remained. Lively completed payments on the judgment principal, and Stauffer entered a satisfaction of judgment as to "defendant Scott Lively only." Stauffer then sought payment of the unpaid accrued interest on the money judgment from the OCA defendants. The trial court entered an order requiring the OCA defendants to pay the unpaid accrued judgment interest. The OCA defendants appeal the order.

The OCA defendants, relying on ORS 31.810(6),[1] contend that, when Stauffer entered a full satisfaction of judgment as to Lively, such satisfaction was equally effective

---

[1] *Former* ORS 18.450(6) was renumbered as ORS 31.810(6) in 2003. Because the substance of the statute did not change, we refer to the current statute for ease of reference.

as a satisfaction of the unpaid interest as to them. ORS 31.810(6) provides, in part:

> "The recovery of a judgment for an injury or wrongful death against one tortfeasor does not of itself discharge the other tortfeasors from liability for the injury or wrongful death *unless the judgment is satisfied.*"

(Emphasis added.)

Conversely, Stauffer argues that the OCA defendants' reliance on ORS 31.810(6) is misplaced and that the governing statute is ORS 31.815,[2] which provides, in part:

> "(1)   When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury to person or property * * *:
>
> "(a)   It *does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide*; but the claimant's claim against all other persons specified in ORS 31.600(2) for the injury * * * is reduced by the share of the obligation of the tortfeasor who is given the covenant * * *."

(Emphasis added.)

We agree with Stauffer that ORS 31.815 is the applicable statute in this case. Indeed, that statute is a codification of a court-made rule announced in *Hicklin v. Anders*, 201 Or 128, 132-34, 253 P2d 897 (1953), that evidenced the law's tendency to give effect to the actual intention of the parties by allowing compromise of a claim against one tortfeasor without forgoing full compensation against other tortfeasors. Similarly to the present case, *Hicklin* involved an action for personal injuries in which the plaintiff recovered a judgment against three defendants. Subsequently, the plaintiff entered into a "covenant" with two of the defendants by which he agreed not to pursue further litigation against them in return

---

[2] *Former* ORS 18.455 was renumbered as ORS 31.815 in 2003. Because the substance of the statute did not change, we refer to the current statute for ease of reference.

for monetary consideration. Further, the covenant specifically provided that the plaintiff was not restrained from continuing legal action against the third defendant. That defendant argued, similarly to the OCA defendants, that the plaintiff's agreement with the two other defendants operated to discharge the judgment as to *all* defendants. The court disagreed and held that, "since Hicklin's intention in executing the covenant and in partially releasing the judgment [from two defendants] was not to release [the third defendant], Hicklin's right to proceed * * * has not been affected * * *." *Id.* at 135-36. Since *Hicklin*, our courts have followed this rule. *See, e.g., Stanfield v. Laccoarce*, 284 Or 651, 662, 588 P2d 1271 (1978); *Savelich Logging v. Preston Mill Co.*, 265 Or 456, 465, 509 P2d 1179 (1973); *Ziegler v. Bostwick*, 106 Or App 666, 669, 809 P2d 131, *rev den*, 311 Or 644 (1991).

In this case, it is undisputed that Stauffer intended to enter satisfaction of judgment as to Lively only and not as to the OCA defendants. Further, the agreement between Stauffer and Lively is specifically described as a "covenant not to execute" and thus fits squarely within the ambit of ORS 31.815, which codified the common-law rule established in *Hicklin*. Under ORS 31.815, the OCA defendants are liable for the unpaid accrued interest on the judgment because, by its terms, the Stauffer-Lively agreement did not provide for release of the OCA defendants.[3]

Even under the language of ORS 31.810(6), which the OCA defendants contend is the controlling statute in this case, we must affirm. ORS 31.810(6) does not release joint tortfeasors from liability unless the *judgment is satisfied.* The OCA defendants argue that, because Stauffer received full satisfaction of the judgment principal from Lively, the entire judgment has been satisfied, and they thus are discharged from any further liability. We do not agree. A money

---

[3] ORS 18.225(1), which was adopted by the legislature in 2003 provides, in part, that "[a] satisfaction document may be for *full or partial satisfaction of a money award.*" (Emphasis added.) ORS 18.225 applies prospectively and is thus inapplicable to this case. However, under common law, Oregon courts recognized that a judgment could be partially satisfied predicated on the basic rule that a judgment creditor was entitled to only one satisfaction of judgment. *Starr v. Heckathorne*, 270 Or 238, 240, 527 P2d 401 (1974).

judgment award includes interest; therefore, interest is necessarily part of the judgment. ORS 82.010(2); *see also Turner v. Japan Lines, Ltd.*, 702 F2d 752, 756 (9th Cir 1983) ("A jury verdict or trial court decision * * * should ordinarily include, as part of the damages award, interest on the monetary loss * * *."). The agreement between Stauffer and Lively specifically recited that the judgment included economic, noneconomic, and punitive damages, as well as *interest* on such damages. The agreement provided for "partial payment of said judgment" through Lively's payment of the damages portions of the judgment. The interest remained unpaid. The judgment was *not* satisfied. ORS 31.810(6) does not entitle the OCA defendants to discharge of their liability to pay the unpaid interest on the damages portion of the judgment.

Affirmed.